## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TIMOTHY TODD AND MOLLY TODD,

  *Plaintiffs*,

  v.

CAPELLA LOGISTICS, INC., JACEK MARIAN BULA, AND PROGRESSIVE COMMERCIAL ADVANTAGE AGENCY, INC. D/B/A ARTISAN AND TRUCKERS CASUALTY COMPANY,

  *Defendants*.

Civil Action No.: 1:22-cv-00108-TWT

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES the Plaintiffs in the above-styled action, TIMOTHY TODD and MOLLY TODD, by and through their attorneys, and respectfully files this Complaint against Defendants CAPELLA LOGISTICS, INC., JACEK MARIAN BULA, and PROGRESSIVE COMMERCIAL ADVANTAGE AGENCY, INC. D/B/A ARTISAN AND TRUCKERS CASUALTY COMPANY, showing the Court the following:

1

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs TIMOTHY TODD and MOLLY TODD reside in Douglas County, Georgia, located in the Northern District of Georgia, Atlanta Division.

2.

Defendant CAPELLA LOGISTICS, INC. (herein "Capella Logistics") is a foreign business organized and existing under the laws of Illinois. Capella Logistics' principal place of business is located at 1335 E. Forest Avenue, Des Plaines, Illinois, 60018.

3.

Defendant Capella Logistics is subject to personal jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 and Fed. R. Civ. P. 4(k)(1)(A).

4.

Defendant Capella Logistics may be served with process through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2, O.C.G.A. § 40-11-117(A), and Fed. R. Civ. Pro. 4(h)(1)(A) and Fed. R. Civ. P. 4(h)(1)(B).

5.

Defendant JACEK MARIAN BULA (herein "Defendant Bula") is an individual who resides at 1801 Alexander Avenue, Austin, Texas, 78702.

6.

Defendant Bula is subject to this Court's jurisdiction pursuant to O.C.G.A. § 9-10-91, and Fed. R. Civ. P. 4(k)(1).

7.

Defendant Bula may be served with process through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2, and Fed. R. Civ. P. 4(e)(1) and Fed. R. Civ. P. 4(e)(2).

8.

Defendant PROGRESSIVE COMMERCIAL ADVANTAGE AGENCY, INC. doing business as ARTISAN AND TRUCKERS CASUALTY COMPANY (herein "Progressive") is a foreign corporation organized and existing under the laws of Ohio. Progressive's principal place of business is located at 6300 Wilson Mills Road, Mayfield Village, Ohio, 44143.

9.

Defendant Progressive is subject to this Court's jurisdiction pursuant to O.C.G.A . § 9-10-91, 40-1-112(c), 40-2-140(d)(4), and Fed. R. Civ. P. 4(k)(1).

10.

Defendant Progressive may be served with process through its registered agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville,

3

Georgia, 30046 pursuant to Fed. R. Civ. P. 4(h)(1)(B).

11.

Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, where the amount in controversy exceeds $75,000.00 and the matter in controversy is between citizens of different states.

12.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events giving rise to the claims complained of herein occurred.

## **FACTS**

13.

Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-12 of this Complaint as if restated herein.

14.

On the evening of February 13, 2021, Plaintiff Timothy Todd was traveling in the far-left lane on Interstate 20 Eastbound in Atlanta, Fulton County, Georgia near the Interstate 285 Northbound exit ramp.

15.

Defendant Bula was operating a 2014 Volvo tractor-trailer traveling in the same direction in the second-right lane of traffic, behind Plaintiff Timothy Todd.

16.

Suddenly and without warning, the 2014 Volvo tractor-trailer operated by Defendant Bula struck the rear end of a 2019 Freightliner commercial motor vehicle in the second-right lane of traffic.

17.

The force of impact from the collision between the 2014 Volvo tractor-trailer and the 2019 Freightliner commercial motor vehicle caused the Freightliner spin out of control and swerve across three lanes of traffic.

18.

The rear right-side of the Freightliner tractor-trailer struck Plaintiff Timothy Todd's vehicle traveling in the far-left lane.

19.

Defendant Bula admitted to responding law enforcement that he was traveling too fast for conditions when he attempted to stop but collided with the vehicle in front of him.

20.

The collision caused serious personal injuries to Plaintiff Timothy Todd, including but not limited to a fractured collar bone and permanent scarring on his legs.

21.

From the scene of the collision, Plaintiff Timothy Todd was transported by ambulance to Grady Hospital in Atlanta, Fulton County, Georgia for medical treatment.

22.

At the time of the subject collision, Plaintiff Molly Todd was married to Plaintiff Timothy Todd.

23.

Plaintiff Molly Todd was unable to console or comfort her husband when he received medical treatment due to hospital safety protocols governing the global pandemic of SARS-CoV-2 ("COVID-19").

**COUNT I: NEGLIGENCE OF DEFENDANT CAPELLA LOGISTICS**

24.

Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-23 of this Complaint as if restated herein.

25.

At the time of the subject collision, Defendant Bula was an employee or agent of Defendant Capella Logistics acting within the scope and course of his employment or agency pursuant to 49 C.F.R. § 390.5 and other Federal Motor

6

Carrier Safety Regulations ("FMCSR").

26.

Defendant Bula was an employee or statutory employee of Defendant Capella Logistics, pursuant to *PN Express, Inc. v. Zegel* and other Georgia law. 304 Ga. App. 672, 675-79 (2010).

27.

Defendant Capella Logistics is liable under the theories of *respondeat superior* and vicarious liability.

28.

At the time of the collision, Defendant Bula was under dispatch for Defendant Capella Logistics.

29.

Defendant Capella Logistics owned or leased the 2014 Volvo tractor-trailer that Defendant Bula operated at the time of the subject collision.

30.

At the time of the subject collision, Defendant Bula was operating the 2014 Volvo tractor-trailer owned or leased by Defendant Capella Logistics in the course and scope of his employment.

31.

At the time of the subject collision, Defendant Capella Logistics controlled the time, manner, and method of Defendant Bula's work.

32.

Defendant Capella Logistics was negligent in hiring Defendant Bula and entrusting him to drive the 2014 Volvo tractor-trailer.

33.

Defendant Capella Logistics was negligent in failing to properly train Defendant Bula.

34.

Defendant Capella Logistics' negligence in hiring Defendant Bula and entrusting him with driving the 2014 Volvo tractor-trailer and failing to train and supervise him properly directly and proximately caused Plaintiff Timothy Todd's injuries.

35.

Defendant Capella Logistics' negligence in hiring Defendant Bula and entrusting him with driving the 2014 Volvo tractor-trailer and failing to train and supervise him properly directly and proximately caused Plaintiffs' pain and suffering.

36.

As a result of the foregoing breaches of duties, Plaintiff Timothy Todd suffered physical and mental pain. But for Defendant Capella Logistics' negligence, Plaintiff Timothy Todd would not have suffered physical or mental pain.

37.

As a result of the foregoing breaches of duties, Plaintiff Molly Todd was deprived of the love, society, companionship, and comfort of her husband. But for Defendant Capella Logistics' negligence, Plaintiff Molly Todd would not have suffered pain and suffering for her loss of consortium.

38.

Alone or in conjunction with the negligence of Defendant Bula, Defendant Capella Logistics' negligence proximately caused Plaintiffs' injuries and pain.

## COUNT II: NEGLIGENCE OF DEFENDANT BULA

39.

Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-38 of this Complaint as if restated herein.

40.

Defendant Bula had a duty to operate the 2014 Volvo tractor-trailer in a safe and prudent manner in accordance with his training as a professional and so as not

to endanger the lives and welfare of Plaintiff Timothy Todd and the motoring public.

41.

This duty included keeping a proper lookout, paying attention, maintaining a safe and reasonable speed, and operating the 2014 Volvo tractor-trailer in a reasonable and prudent manner with the conditions of the roadway and all traffic.

42.

Defendant Bula was negligent in failing to keep proper lookout.

43.

Defendant Bula was negligent in failing to exercise ordinary care under the circumstances.

44.

Defendant Bula was negligent when he carelessly, and without warning, suddenly struck the rear of the 2019 Freightliner commercial vehicle, directly causing the Freightliner to strike Plaintiff Timothy Todd's vehicle.

45.

Defendant Bula was negligent in failing to abide by and follow the Federal Motor Carrier Safety Regulations and Georgia Public Service Commission rules, regulations, and standards.

46.

Defendant Bula failed to obey Georgia law and the Uniform Rules of the Road, and is therefore liable *per se*, in several ways, including but not limited to:

a)  Failure to keep a proper lookout;

b)  O.C.G.A. § 40-6-49 (following too closely);

c)  O.C.G.A. § 40-6-390 (reckless driving);

d)  O.C.G.A. § 40-6-180 (failure to drive at reasonable and prudent speed);

e)  O.C.G.A. § 40-6-241(b) (failure to exercise due care in the operation of a motor vehicle);

f)  The rules governing the operation of commercial vehicles as may be identified in the Commercial Drivers Manual of Georgia ("CDL"); and

g)  the Federal Motor Carrier Safety Regulations ("FMCSR").

47.

As a result of the foregoing breaches of duties, Plaintiff Timothy Todd suffered physical and mental pain. But for Defendant Bula's negligence, Plaintiff Timothy Todd would not have suffered physical or mental pain.

48.

As a result of the foregoing breaches of duties, Plaintiff Molly Todd was deprived of the love, society, companionship, and comfort of her husband. But for

Defendant Bula's negligence, Plaintiff Molly Todd would not have suffered pain and suffering for her loss of consortium.

49.

Alone or in conjunction with the negligence of Defendant Capella Logistics, Defendant Bula's negligence proximately caused Plaintiffs' injuries and pain.

**COUNT III: DIRECT ACTION AGAINST PROGRESSIVE**

50.

Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-48 of this Complaint as if restated herein.

51.

At the time of the subject collision, Progressive issued at least one policy of commercial automobile liability insurance on the 2014 Volvo tractor-trailer that was in full force and effect at the time of the collision.

52.

At the time of the subject collision, Defendant Capella Logistics was a for-hire motor carrier engaged in the business of transporting household goods in intrastate and/or interstate commerce.

12

53.

Plaintiffs are members of the general public who were injured by the negligence of Defendant Bula and/or Defendant Capella Logistics on February 13, 2021.

54.

Progressive is subject to a direct action pursuant to O.C.G.A. § 40-1-112(c). Progressive is responsible for any judgment rendered against Defendant Capella Logistics and/or Defendant Bula.

55.

Progressive is subject to a direct action pursuant to O.C.G.A.§ 40-2-140(d)(4). Progressive is responsible for any judgment rendered against Defendant Capella Logistics and/or Defendant Bula.

## **COUNT IV: DAMAGES**

56.

Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-54 of this Complaint as if restated herein.

57.

Plaintiff Timothy Todd sustained serious personal injuries from the subject collision.

58.

Plaintiff Molly Todd sustained injuries from the subject collision.

59.

Plaintiffs seek to recover and are entitled to recover all damages allowable by law, including, but not limited to:

(a)    personal injuries;

(b)    The pre-impact fright, shock, and terror that Timothy Todd experienced when the 2014 Volvo tractor-trailer struck the Freightliner commercial motor vehicle;

(c)    The pre-impact fright, shock, and terror that Timothy Todd experienced when the impact from the 2014 Volvo tractor-trailer forced the Freightliner commercial motor vehicle to merge into his lane of traffic;

(d)    The pre-impact fright, shock, and terror that Timothy Todd experienced when the Freightliner commercial motor vehicle collided with his vehicle;

(e)    Plaintiffs' pain and suffering;

(f)    Timothy Todd's disfigurement;

(g)    Plaintiffs' diminished quality of life;

(h)    Timothy Todd's past lost earnings;

14

(i)     medical expenses associated with Timothy Todd's treatment;

(j)     Molly Todd's deprivation of the love, society, companionship, and

        comfort of her husband; and

(k)     any other items of special and general damages allowed by law.

## <u>COUNT V: PUNITIVE DAMAGES</u>

60.

Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-58 of this Complaint as if restated herein.

61.

Defendant Capella Logistics' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

62.

Plaintiffs respectfully request that this Court impose punitive damages against Defendant Capella Logistics.

63.

Defendant Bula's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

15

64.

Plaintiffs respectfully request that this Court impose punitive damages against Defendant Bula.

## **CONCLUSION**

65.

Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-63 of this Complaint as if restated herein

66.

Plaintiffs respectfully request that:

(a)     process issue as provided by law;

(b)     Plaintiffs have trial by jury;

(c)     that judgment be entered in favor of Plaintiffs and against Defendants;

(d)     Plaintiffs be awarded damages, including punitive damages, in amounts to be shown at trial; and

(e)     such other relief as this Court deems just.

[Signature on Following Page]

Respectfully submitted this 10th day of January, 2022.

TOBIN INJURY LAW

BY:  _/s/ Darren M. Tobin_
       DARREN M. TOBIN
       Georgia Bar No. 200383
       CAROLINE H. MONSEWICZ
       Georgia Bar No. 160963

49B Lenox Pointe
Atlanta, Georgia 30324
darren@tobininjurylaw.com
caroline@tobininjurylaw.com
(t) 404 587 8423
(f) 404 581 5877        **ATTORNEYS FOR PLAINTIFFS**