IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY TODD and MOLLY TODD, Plaintiffs, v. CAPELLA LOGISTICS, INC., et al., Defendants. | CIVIL ACTION FILE NO. 1:22-CV-108-TWT |

OPINION AND ORDER

This is a personal injury action. It is before the Court on Defendants CRST Lincoln Sales, Inc., Rodney Chappelle, and ACE American Insurance Company's ("CRST Defendants") Motion to Dismiss the Plaintiffs' Amended Complaint [Doc. 49]. For the reasons set forth below, the CRST Defendants' Motion to Dismiss the Plaintiffs' Amended Complaint [Doc. 49] is GRANTED.

I.    Background

The Court accepts the facts alleged in the Amended Complaint as true for purposes of the CRST Defendants' Motion to Dismiss. *See Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019). This case arises from Plaintiff Timothy Todd's alleged injuries sustained during an automobile accident on February 13, 2021, and from Plaintiff Molly Todd's loss of consortium with her husband resulting from those alleged injuries. (Am. Compl. ¶¶ 23, 29, 32). On February 13, 2021, Mr. Todd was driving eastbound in the left lane of Interstate 20 near the Interstate 285 northbound exit ramp.

(*Id.* ¶ 23). At the same time, Defendant Jacek Marian Bula was driving a Volvo tractor-trailer in the second-right lane, traveling in the same direction but behind Mr. Todd. (*Id.* ¶ 24). Without warning, Bula's Volvo tractor-trailer struck the rear end of a Freightliner tractor-trailer, causing the Freightliner to spin out of control, swerve across three lanes of traffic, and collide with Mr. Todd's vehicle in the left lane. (*Id.* ¶¶ 25–27). Defendant Rodney Chappelle operated that Freightliner tractor-trailer. (*Id.* ¶ 25). An ambulance transported Mr. Todd from the scene of the collision to Grady Hospital for medical treatment. (*Id.* ¶ 30). From the accident, he sustained injuries including a fractured collar bone and scarring on his legs. (*Id.* ¶ 29).

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40

F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

The CRST Defendants move to dismiss the Amended Complaint on two grounds: first, that the Amended Complaint is an impermissible shotgun pleading; and second, that the Plaintiffs failed to allege any facts supporting a plausible claim against the CRST Defendants. (Defs.' Mot. to Dismiss, at 5, 9).

#### A. Shotgun Pleading

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). These Rules benefit not only a plaintiff's adversary in discerning the claims made against him but also the Court, "which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and whether evidence introduced at trial is relevant." *Id.* (quotation marks omitted). The Eleventh Circuit has "repeatedly emphasized district courts' duty to define the issues at the earliest stages of litigation by ordering the repleading of a shotgun

complaint." *Id.* at 1328 (Tjoflat, J., concurring) (quotation marks omitted).

There are four types of shotgun pleadings, and the CRST Defendants claim that the Amended Complaint falls within all four types. (Defs.' Mot. to Dismiss at 6.) After stating that the Amended Complaint comprises all four categories, the CRST Defendants only address two of the categories, which are as follows: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; and (2) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324–25 (quotation marks and alteration omitted). The Court treats the two categories that the CRST Defendants failed to substantively address in their brief as waived. *See Sapuppo v. Allstate Fla. Ins. Co.*, 739 F.3d 678, 681–83 (11th Cir. 2014).

The Amended Complaint does not run afoul of the second category that the CRST Defendants address. They claim that the Plaintiffs "lump together multiple Defendants in vague, ambiguous, and inadequate factual allegations." (Defs.' Mot. to Dismiss at 8). Specifically, the CRST Defendants refer to Paragraphs 79 and 90 as examples of the Amended Complaint's "substantial[] hind[rance]" of their "ability to ascertain the specific allegations against them individually." (*Id.*). The Court agrees with the Plaintiffs that these Paragraphs

4

appropriately assert multiple theories of recovery against alleged joint tortfeasors. (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss, at 4); *see also* Fed. R. Civ. P. 8(d)(2); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1308 n.7 (11th Cir. 2020) ("Certainly, pleading in the alternative is permissible in federal court.").

Nonetheless, the Amended Complaint's counts each incorporate all allegations of the preceding counts, clearly falling within the first category of shotgun complaints. (*See, e.g.*, Am. Compl. ¶¶ 33, 48, 59, 65, 80, 91, 97, 101, 106). The Plaintiffs acknowledge that "multiple incorporation paragraphs in the Amended Complaint fall within a common form of shotgun pleadings." (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss, at 4). Because the Amended Complaint is an improper shotgun pleading, the Plaintiffs' claims against the CRST Defendants are dismissed without prejudice, and the Plaintiffs may file a Second Amended Complaint within 14 days of this Order.

The Plaintiffs request that the Court "explain how the offending pleading violates the shotgun pleading rule" and provide "instruction on how to correct any shotgun pleading deficiencies." *Id.* at 5–6 (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)). The Plaintiffs' Second Amended Complaint should revise the incorporation paragraphs to reference only the allegations relevant to the respective count.

B. **Failure to State a Claim**

Having found that the Amended Complaint is an improper shotgun pleading and dismissed it on that ground, the Court declines to reach the CRST

Defendants' second argument that the Plaintiffs failed to allege facts supporting a plausible claim against them. The Court notes that the Capella Logistics Defendants have filed a notice of intention to seek apportionment of liability with respect to the Defendant Rodney Chappelle.

## IV. Conclusion

For the reasons set forth above, the CRST Defendants' Motion to Dismiss [Doc. 49] is GRANTED. The Plaintiffs' claims against the CRST Defendants are dismissed without prejudice. The Plaintiffs may file a Second Amended Complaint within 14 days of this Order.

SO ORDERED, this \_\_\_12th\_\_\_ day of August, 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge