IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY TODD and MOLLY TODD,

    Plaintiffs,

       v.

CAPELLA LOGISTICS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-108-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendants

Capella Logistics, Inc. ("Capella") and Jacek Marian Bula's Motion for Partial

Summary Judgment [Doc. 140]. For the reasons set forth below, the

Defendants' Motion [Doc. 140] is GRANTED in part and DENIED in part.

## I.   Background[1]

This case arises from an automobile accident between the parties that

occurred on February 13, 2021. (Def.'s Statement of Undisputed Material Facts

¶ 1). The Defendant Jacek Bula was driving a tractor-trailer on behalf of the

Defendant Capella when he rear-ended a tractor driven by former Defendant

Rodney Chappelle that then spun across the interstate, collided with the

Plaintiffs' vehicle, and ultimately caused injuries to the Plaintiffs Timothy and

---

[1] The operative facts on the Motion for Partial Summary Judgment are taken from the Defendants' Statement of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

Molly Todd. (*Id.* ¶ 2). The Plaintiffs filed the present action on January 10, 2022, and the Defendants Capella and Bula now move for summary judgment as to the Plaintiffs' claims for negligent hiring, entrustment, training, and supervision against Capella, and claims for punitive damages and attorneys' fees against both Defendants.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.   Discussion

The Defendants move for summary judgment as to the Plaintiffs' claims for negligent hiring, entrustment, training, and supervision against Capella and for punitive damages and attorneys' fees against both Defendants. (Br. in Supp. of Defs.' Mot. for Part. Summ. J., at 2). The Plaintiffs dispute summary

judgment as to all claims except the one for negligent entrustment. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. for Part. Summ. J., at 2–3). The Court addresses the disputed claims and the parties' arguments in support thereof in turn.

### A. Negligent Hiring, Training, and Supervision

The Defendants contend that they are entitled to summary judgment on the Plaintiffs' negligent hiring, training, and supervision claims because there is no evidence that Bula had ever been in any prior collisions similar to the one at issue and no evidence that Bula drove in a manner that would have put Capella on notice of any dangerous driving habits. (Br. in Supp. of Defs.' Mot. for Part. Summ. J., at 7–8). In response, the Plaintiffs contend that Capella failed to exercise ordinary care in hiring Bula because he had numerous violations on his record (four violations over three years) and because Capella's owner and president, Mrs. Renata Fiedor, failed to drive with Bula for his driving test. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. for Part. Summ. J., at 6, 12). Regarding negligent training, they claim that Fiedor lacked knowledge of the regulations governing motor carrier safety and that Capella failed to exercise ordinary care in training Bula because Fiedor merely checked his driving record and reviewed his medical card before hiring him. (*Id.* at 10–11). And regarding negligent supervision, the Plaintiffs rely on the same evidence in support of their claim. (*Id.* at 13).

In reply, Capella notes that Fiedor's late husband trained Bula when he was hired and that Bula had twenty-six years of driving experience, graduated

from a driving school, maintained a Commercial Driver License, and had never been in an accident. (Reply Br. in Supp. of Defs.' Mot. for Part. Summ. J., at 4). Capella also notes that Bula's driving record was clean and that the four violations he received were "unrelated to the subject accident (driving beyond 8 hours, brake hose issues, and record of duty status issues)." (*Id.* at 4–5). Finally, Capella argues that there is no evidence it should have known that Bula tended to engage in any behavior relevant to the alleged injuries sustained by the Plaintiffs. (*Id.* at 5).

Under Georgia law, liability for negligent hiring "requires evidence that the employer knew or should have known of the employee's propensity to engage in the type of conduct that caused the plaintiff's injury." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1247 (11th Cir. 2001) (citation omitted). And "[t]o establish a negligent training claim, a plaintiff must demonstrate that inadequate training caused a reasonably foreseeable injury." *Advanced Disposal Servs. Atlanta, LLC v. Marczak*, 359 Ga. App. 316, 319 (2021) (citation omitted). Finally, "to defeat summary judgment on an issue of negligent supervision, a plaintiff must produce some evidence of incidents similar to the behavior that was the cause of the injury at issue." *ABM Aviation v. Prince*, 366 Ga. App. 592, 598 (2023). (citation omitted).

The Court concludes that the Plaintiffs have failed to present affirmative evidence showing a genuine issue of material fact on any of their negligent hiring, training, or supervision claims. Rather, the evidence suggests

that Bula had no driving history indicating a propensity to drive negligently. (*See* Driving Record, Doc. 141-2). Instead, Bula's record shows that prior to his employment with Capella, he had a 2016 citation for driving beyond an eight-hour time limit, a 2016 citation for lacking a current record of duty status, and a 2017 citation for faulty brake hose and tubing. None of these citations suggest that Capella knew or should have known that Bula had a propensity to engage in negligent driving. Nor does Fiedor's alleged lack of knowledge of the motor carrier safety regulations indicate that Bula was improperly trained, much less that such training or lack thereof could have *caused* the Plaintiffs' injuries. Moreover, when a driver has a CDL like Bula did, "[t]he Federal Motor Carrier Safety Regulations generally do not require trucking companies to train their drivers." *Ortiz v. Wiwi*, 2012 WL 4468771, at *4 (M.D. Ga. Sept. 26, 2012). Finally, the Plaintiffs offer no evidence that would support their negligent supervision claim, nor does Bula's driving record substantiate any instances of negligent driving similar to that alleged in the Third Amended Complaint. Therefore, summary judgment in favor of Capella is proper on the negligent hiring, training, supervision, and entrustment claims.

## B. Punitive Damages

The Defendants next contend that they have not engaged in any willful misconduct that would support the Plaintiffs' punitive damages claim and thus seek summary judgment on the claim. (Br. in Supp. of Defs.' Mot. for Part. Summ. J., at 10). The Plaintiffs sole argument in support of their punitive

damages claim is that Capella's alleged breach of independent duties goes beyond gross negligence. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. for Part. Summ. J., at 14). Having found that Capella was entitled to summary judgment on the Plaintiffs' negligent hiring, training, supervision, and entrustment claims, the Court concludes that the Plaintiffs have not carried their burden to present affirmative evidence showing any willful or wanton misconduct on the Defendants' part that would support a claim for punitive damages. *See Battle v. Thomas*, 623 F. Supp. 3d 1312, 1320 (N.D. Ga. 2022). Accordingly, summary judgment in favor of the Defendants is proper as to punitive damages.

### C. Attorneys' Fees

Finally, the Defendants contend that the Plaintiffs' claim for attorneys' fees is meritless because the Plaintiffs point to no specific facts other than those alleged generally in the Complaint in support of their claim and because a bona fide controversy exists as to whether a now-terminated codefendant was wholly or partially at fault for the accident. (Br. in Supp. of Defs.' Mot. for Part. Summ. J., at 11–12). The Plaintiffs argue, in response, that an award of attorneys' fees is proper because the Defendants have improperly refused to accept liability for the collision. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. for Part. Summ. J., at 16–17). "Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense under O.C.G.A. § 13-6-11 are generally questions for the jury to decide." *Forsyth Cnty. v. Martin*, 279 Ga. 215, 219 (2005). Because the parties dispute whether a bona fide controversy exists as

6

to liability for the underlying cause of action, the Court finds that summary judgment on the attorneys' fees claim is improper.

## IV.   Conclusion

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment [Doc. 140] is GRANTED in part and DENIED in part. It is GRANTED as to the Plaintiffs' claims for negligent hiring, training, supervision, and entrustment and punitive damages, and it is DENIED as to the Plaintiffs' claim for attorneys' fees.

SO ORDERED, this ____17th____ day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge

7